Hawes, J.
It appears from the record that the defendant, a judgment debtor, was under examination in proceedings supplementary to execution, and that while being examined the fact was disclosed that he had made a general assignment to one Charles Cass, for the benefit of his creditors. Upon such disclosure the defendant’s counsel objected to any and all questions “ relating back prior to the filing of the assignment.” The objection was sustained, the court, holding that “ the examination must be limited to property acquired since the assignment,” to which an exception was taken, and this ruling and exception is now presented for review.
It is quite clear that as to property acquired prior to the assignment, an examination could only furnish proof of its fraudulent disposition, and the judgment creditor would, in one sense, be securing evidence and not property, and as this court possesses no equitable jurisdiction, and could not entertain a suit to set the assignment aside, the judgment creditor could secure no advantages in this tribunal, and for economic reasons the examination has frequently been restricted to after acquired property.
*314 I am unable, however, to see how this course can be sustained upon any legal or equitable principle. It is well settled in the court of common pleas that “no examination will be allowed which seeks to set aside the assignment, and will only be permitted where it is in aid of it.” The examination should not extend to an inquiry as to whether the preferences are fraudulent, or as to whether assignors, either in making the assignment or in transactions anterior to the assignment, did any act that was fraudulent in fact or fraudulent in contemplation of law. No inquiry as to what the assignors, prior to the assignment, did with the borrowed money or with their own property should be permitted (In re Rindskopf,* opinion by Van Hoesen, J. See to same effect, Matter of Everit, 10 Daly, 99). Nowhere else can an examination, therefore, be had as to the property of the judgment debtor concealed under the guise of a general assignment, except in the court where the judgment was obtained, and in all fairness it would seem that they were justly entitled to it. They are invited to this forum, and after the recovery of a judgment they find themselves powerless to investigate concealed property.
All the othér courts of record in this department allow such an examination (Seligman v. Wallach,† Bennigan v. Piek, Chambers, Supreme Ct., May, 1884, unreported ; Mechanic’s and Traders’ Bank v. Healy, 14 Weekly Dig. 120), and I am unable to see why the judgment creditor is not legally Entitled to it as a matter of right. The mere fact that he must bring another proceeding, and that that must be in another forum, does not affect his rights. In nearly all cases where fraudulent transfers have been made, and the apparent title is in a third person, he is compelled to bring an action, and in doing so he can select his own *315 tribunal; but it would not for a moment be held that therefore he should not be allowed to inquire as to this concealed property. There is nothing sacred about a general assignment as distinguished from any other. If a judgment debtor fraudulently disposes of some of his property, and places it in the apparent ownership of a third person, an examination as to such disposition is allowed; but if he so disposes of all his property, an opposite rule has prevailed in this court; but I find no warrant for such a conclusion either in the Code or in the equitable treatment which the court owes the suitors who seek its protection. The Code (§ 2460) expressly provides that a party shall not be excused from answering a question on the ground that his examination will tend to prove that he has been a party or privy to, or knowing of a conveyance, assignment, transfer, or other disposition of property for any purpose.” The examination of a j udgment debtor is designed to be liberal and exhaustive, and to discover i£ possible any property which the judgment debtor may have, wherever located, and whoever might hold the apparent title.
Property fraudulently conveyed to a general assignee involving fraudulent preferences and fictitious debts is still in equity the property of the judgment debtor, and its discovery under such circumstances is not the discovery of evidence, but the actual discovery of property, and its recovery is solely a question of practice and procedure which is but a mere incident. A general assignment is simply a personal disposition of property, and the law has thrown about it- no special safeguard. The property so conveyed is subject to the claims and demands of creditors in any form or method of proceeding which they may institute to reach it, and to protect a fraudulent debtor in such concealment has, in my opinion, no warrant or justification in law. The case of Lathrop v. Clapp (40 N. Y. 328), *316 cited by appellants, presents this question fully and conclusively.
It may be irksome for this court to allow these examinations with full knowledge that the court can grant no relief for its recovery, by reason of its want of equity jurisdiction, but this furnishes no sufficient reason why its litigants should be deprived of their right to discover the property of a judgment debtor, however concealed or transferred. The method by which the judgment creditor shall secure its possession, is, in my view of the case, a subject wholly foreign to the question at issue. Such an examination clearly tends to discover the judgment debtor’s property, and that fact is sufficient to justify the question asked in the case at bar, and all other similar questions.
Order reversed, with costs to appellants.

 Reported post, p. 316.

 Reported post, p. 317.

In Matter of Rindskopf (N. Y. Common Pleas, Special Term, January, 1885), it was held that the examination of the assignors under the provisions of the general assignment act (L. 1877, c. 466, § 31), should not extend to an inquiry as to whether the preferences are fraudulent., or whether there was legal or actual fraud in making the assignment, or in the anterior transactions.
An examination the object of which is to discover evidence that may be used in an action, either already begun or in contemplation, to set aside the assignment as fraudulent, must be had under the Code of Civil Procedure, and not under the general assignment act.
Van Horsen, J.—The order for the examination should be modified so as to provide that the examination of the books shall be under the control of a referee, and that the assignee or his representative may be present.
The examination should not extend to an inquiry as to whether the preferences are fraudulent, or as to whether the assignors, either in making the assignment, or in transactions anterior to the assignment, did any act that was fraudulent in fact, or fraudulent in contemplation of law. No inquiry as to what the assignors, prior to the assignment, did with borrowed money, or with their own property, should be permitted. Of course, their transactions subsequent to the assignment are not subjects of this examination.
There may be an examination as to the amount of property *317 embraced in the assignment. There may also be an examination as to the amount of debts that appear on the books to be payable out of the assigned estate; but the referee shall not permit the petitioners, under the pretence that they are ascertaining the amount of debts appearing ou the books, to pursue an inquiry as to whether the book entries arc fictitious, or whether the assignors were actually indebted to the amounts that appear on the books as claims against them.
As has been said before, an examination whoso object is to discover evidence that may be used in an action (either already begun or merely in contemplation) to set aside the assignment as fraudulent, must be had under the Code of Civil Procedure, and not under the General Assignment Act. ■