IN THE MATTER OF THE EXAMINATION IN PROCEEDINGS SUPPLE-
MENTARY TO EXECUTION OF ISAAC SICKLE, JUDGMENT-
DEBTOR, ON THE APPLICATION OF T. RUSSELL DAWSON,
JUDGMENT-CREDITOR.

*Action to have an assignment adjudged to be invalid — it is not a bar to proceedings
supplementary to execution or to an examination of the assignee as a witness therein.*

A judgment-creditor, by electing to bring an action to have an assignment made
by the judgment-debtor adjudged to be invalid, does not waive his right in
proceedings supplementary to execution to compel the assignee to appear as a
witness and to testify in such proceedings, and to produce certain books in the
custody of the witness as assignee of the judgment-debtor.

*In the Matter of Assignment of Holbrook* (99 N. Y., 538); *Dick* v. *Philips* (41
Hun, 603) distinguished; *Schloss* v. *Wallach* (16 Abb. N. C., 319 n.; 38 Hun,
638; 102 N. Y., 683) followed.

The fact that, in such a proceeding, the questions asked of a judgment-debtor or
of a witness tend to show that the judgment-debtor has made a fraudulent
assignment, affords no valid objection to such questions.

There is nothing in the provisions of section 1914 of the Code of Civil Procedure
which precludes an examination of this character in proceedings supplementary
to execution.

APPEAL by Herman Cantor, a witness in supplementary proceed-
ings, from an order made at the New York Special Term adjudging
him guilty of contempt in refusing to answer certain questions,
which order was entered in the office of the clerk of the county of
New York.

*Blumenstiel & Hirsch*, for the appellant.

*Charles E. Hughes*, for the judgment-creditor, respondent.

BARTLETT, J.:

The respondent, T. Russell Dawson, recovered a judgment against
Isaac Sickle, and, upon the return of the execution unsatisfied,
obtained the usual order for the examination of the judgment-debtor
concerning his property. In these proceedings, supplementary to
execution, he caused a subpœna to be served upon Herman Cantor,
the appellant, to appear and testify therein and to produce certain
books in the custody of the witness as assignee of the judgment-
debtor. Mr. Sickle was first examined and testified that he made

an assignment for the benefit of his creditors on November 16, 1887.
Mr. Cantor was then sworn as a witness, and stated that he was the
assignee of Mr. Sickle and had taken possession of the books in his
store, all of which he produced at the hearing, One of these he
identified as Mr. Sickle's check-book. He also stated that he had a
number of checks in his possession that had been drawn by
Mr. Sickle prior to the assignment. At the instance of counsel for
the judgment-debtor, however, the witness declined to answer the
question whether any of these checks were drawn in November,
1887, or how many were drawn within two months of the assign-
ment, or how many were drawn within two weeks thereof to the
order of Mr. Sickle, or the order of any of his sons, or of any
person identified with him in business, or to bearer. The witness
also declined to turn to the check-book and checks that he had pro-
duced and give the dates and amounts thereof, or to state whether
there was any entry on the stub of the check-book of a check
drawn by Mr. Sickle in November, 1887, to his own order, or cash,
or to the order of one of his sons, for $800, or $850 or, $950. The
objections to these questions, or rather the reasons which the witness
gave for declining to answer them, under the advice of the counsel
for the judgment-debtor, were subsequently discussed before Mr.
Justice LAWRENCE, who directed that the witness should answer
them all. Thereupon the questions were again put to Mr. Cantor
and he again declined to answer. For this refusal he has been
adjudged guilty of contempt, by the order from which the present
appeal is taken.

In the brief for the appellant it is stated that Mr. Dawson, the
judgment creditor, after instituting the present supplementary pro-
ceedings, commenced a creditor's action to set aside the general
assignment made by Mr. Sickle to Mr. Cantor. I do not find any-
thing in the appeal papers to show that such a suit has been
instituted, but, inasmuch as the case appears to have been disposed of
below upon the assumption that such was the fact, the existence of
such an action may as well be assumed for the purposes of this
appeal. The appellant insists that by electing to bring an action to
invalidate the assignment the judgment-creditor has waived his
remedy in the present proceeding, so far as he seeks to obtain the
information indicated by the questions put to the witness ; and,

furthermore, that an assignee under a general assignment cannot be compelled, by mere subpœna, to produce the books and papers of the estate, and make discovery.

In considering these points, which are the only objections upon which the appellant relies, it is important to keep in mind the precise position which the appellant really occupies in the supplementary proceedings. He is in no sense a party to such proceedings. The parties are Dawson, the judgment-creditor, and Sickle, the judgment-debtor. Cantor is not made a party by the fact that heretofore Sickle has made an assignment to him. If that transaction had any effect to make him a party to the supplementary proceedings, he would be a party thereto just as much whether any subpœna had been served upon him to appear and testify as a witness or not. He comes into these supplementary proceedings as a witness, and in no other capacity ; his attendance being enforced under the authority of section 2444 of the Code of Civil Procedure, which provides that in proceedings supplementary to execution either party may be examined as a witness in his own behalf, "and may produce and examine other witnesses as upon the trial of an action." This provision gives a judgment-creditor, prosecuting supplementary proceedings, just the same rights, in respect to enforcing the attendance and conducting the examination of witnesses in his behalf, as a plaintiff would have in the trial of a suit at law, including the right to compel the production of books and papers by subpœna *duces tecum.* In the *Matter of the Assignment of Holbrook* (99 N. Y. 538), it was not decided that judgment-creditors are prohibited from examining an assignee of the judgment-debtor, but merely that proceedings for the examination of witnesses under the general assignment act are warranted only when taken in aid of an assignment, *and not in hostility thereto.* This is because all proceedings taken under the general assignment act necessarily assume the validity and *bona fides* of the assignment ; and hence it was held that a creditor who desired to attack the instrument could not do so in the course of a proceeding conducted under and pursuant to that statute, but must resort to other remedies.

Nor has the case of *Dick* v. *Phillips* (41 Hun, 603) any application here. That case related not to an examination in supplementary pro-

ceedings, nor to the examination of a witness upon the trial of an action, but to the examination of a party before trial, and the court held that, under the present Code of Civil Procedure, a party could not be compelled to produce books and papers for the inspection of his adversary before trial, except in the mode prescribed in the article relating to discovery. (Sections 803–809.) But, as has already been shown, the fact that Mr. Cantor is a party to the judgment-creditor's action does not make him a party to these supplementary proceedings ; and, therefore, there is no force in the argument that he can only be compelled to produce his books and papers herein by a proceeding founded upon petition.

The case of *Schloss* v. *Wallach* (16 Abb. N. C., 319 n; 38 Hun, 638 ; 102 N. Y., 683) is an authority against the appellant's position and directly in point. There it was originally held at chambers that supplementary proceedings were a substitute for the old creditor's bill, and that where the creditor has resorted to the latter he could not endeavor to obtain evidence to support his bill in supplementary proceedings founded upon the same judgment. This decision was reversed by the General Term without any opinion, and the case was subsequently taken to the Court of Appeals where the appeal was dismissed. The counsel for the appellant concedes that the effect of these decisions is " that a judgment-creditor may take any number of remedies against his debtor, and that by so doing he makes no election, but they are all concurrent remedies." This proposition, however, the appellant contends, does not affect the question whether an assignee can be compelled in supplementary proceedings to testify from books and papers ; but that question is disposed of by what has already been said in respect to the character in which the appellant comes into the present proceedings. He is here as a mere witness, and not in any sense as a party, and, unless he be regarded as a party, his counsel's contention on this part of the case must fail. I find nothing in this proceeding which is in conflict with the provisions of section 1914 of the Code of Civil Procedure ; that section provides that an action cannot be maintained to obtain a discovery, under oath, in aid of the prosecution, or defense of another action. But this is not such an action. It is simply a supplementary inquiry conducted for the sole purpose of ascertaining whether the

judgment-debtor has any property lawfully applicable to the payment of the judgment against him. The witness is properly examined concerning matters pertinent to such inquiry; and the fact that what he says may be useful in another litigation does not deprive the judge of jurisdiction to examine him. In such a proceeding the fact that the questions asked of a judgment-debtor, or of a witness, tend to show that the judgment-debtor has made a fraudulent assignment, is no valid reason why such questions should not be answered. (*Lathrop* v. *Clapp*, 40 N. Y., 328.)

The questions asked of the appellant in this proceeding were proper; it was his duty to answer them, and his refusal to do so was a contempt for which he has been none too severely punished.

The order appealed from should be affirmed, with costs and disbursements.

DANIELS, J.:

I concur in the opinion of Justice BARTLETT for the reasons he has given, and for that mentioned by the presiding justice, and for the further reason that, as long as the first order remains unappealed from and unreversed, it cannot be assailed by this appeal from the order directing the punishment of the witness. By that order the witness was directed to answer, and he could not after that decline to do so as long as that remained in force.

VAN BRUNT, P. J.:

I concur. The witness could not raise the objection that the judgment-creditor had commenced proceedings to set aside the assignment. If that fact was a bar to this proceeding the judgment-debtor could only avail himself of it by a proper motion to dismiss the proceeding; witnesses are not accorded the privilege of putting in answers for defendants.

Order affirmed, with costs and disbursements.