In re BACHILLER DE PONCE DE LEON.

(Supreme Court, Special Term, New York County. March 21, 1901.)

EXECUTION—SUPPLEMENTARY PROCEEDINGS—BAR—CREDITOR'S SUIT.

An action by a creditor against his judgment debtor and a third party to set aside alleged fraudulent assignments to such party is not a bar to the examination of the party in supplementary proceedings in the absence of abuse.

Proceedings by Antonia Bachiller De Ponce De Leon supplementary to execution against the property of the Northwestern Life Assurance Company. Application to set aside an order for the examination of a third party denied.

Pavey & Moore, for judgment creditor.

Geo. Burnham, Jr., for Mutual Reserve Fund Life Ass'n, the third person.

McADAM, J. In proceedings supplementary to execution against the property of the Northwestern Life Assurance Company, the judgment creditor, on the usual statutory grounds, obtained an order for the examination of the Mutual Reserve Fund Life Association. The association contends that it cannot be examined, because an action by the judgment creditor against the judgment debtor and the association is now pending to set aside certain alleged fraudulent assignments to the third party; that the creditor, by filing her bill to reach the property alleged to have been fraudulently transferred, has elected a remedy which is a bar to the statutory proceedings. An examination of the cases fails to sustain the point raised. The remedies provided by supplementary proceedings and judgment creditors' actions are concurrent, and the creditor may prosecute either or both until satisfaction of his judgment, in the absence of any plea of abuse against which the party requires protection. Gates v. Young, 17 Wkly. Dig. 551; In re Sickle, 52 Hun, 527, 5 N. Y. Supp. 703; Schloss v. Wallach, 16 Abb. N. C. 319, note, 38 Hun, 638, 102 N. Y. 683; and see Wait, Fraud. Conv. (3d Ed.) § 61. Here there is no pretense of abuse. The objection must, therefore, be overruled, and the examination directed to proceed on March 26, 1901, at 10:30 a. m.