do everything which the utmost care and prudence would have dictated in order to have protected the plaintiff's property.

It seems to me that an affirmance of this judgment would be in effect an attempt to overrule the decision in the Carpenter Case, supra, which holds that a railroad company does not undertake to carry and safely deliver the effects of travelers not delivered into its custody, and is not chargeable for its loss unless negligence on its part is shown which occasions such loss. In the case at bar we think that the evidence wholly failed to show that the defendant was guilty of negligence which occasioned or contributed to plaintiff's loss. It follows that the judgment and order appealed from should be reversed, with costs.

Judgment and order of Special Term, and judgment of Municipal Court, reversed, and a new trial ordered in the Municipal Court of the city of Buffalo on Tuesday, July 23, 1907, at 10 o'clock in the forenoon, with costs in all courts to appellant to abide event. All concur.

---

(55 Misc. Rep. 324)

### In re ALBRIGHT.

### In re SMITH.

(Supreme Court, Special Term, Erie County.   June, 1907.)

EXECUTION — SUPPLEMENTARY PROCEEDINGS — CREDITORS' SUIT — NATURE AND
   FORM OF REMEDY—ELECTION.

   Where a judgment creditor, pending the examination of a third party in proceedings supplementary to execution, commenced an action in the nature of a creditors' bill against the third party and others, seeking to set aside the conveyances of certain properties made by the judgment debtor to him, he did not thereby waive his right to examine the third party in the supplementary proceedings, since the remedies provided by supplementary proceedings and by judgment creditors' actions are concurrent, and the judgment creditor may prosecute either or both until satisfaction of the judgment.

Application of William Wheeler Smith, judgment creditor, for the examination of John J. Albright, a third person, in a proceeding supplementary to execution. Order directing the witness to appear and submit to further examination granted.

William C. Carroll, for the motion.
Louis L. Babcock, for J. J. Albright, opposed.

WHEELER, J.   The affidavits disclose that an order for the examination of John J. Albright as a third party in proceedings supplementary to execution was heretofore granted, and that he appeared before the referee and submitted to a partial examination, whereupon the proceedings were adjourned for a further hearing, which Mr. Albright promised to attend. Subsequent to this adjournment, and prior to the time fixed for the second hearing, the judgment creditor commenced an action in the courts of the District of Columbia in the nature of a creditors' bill against Mr. Albright and others, seeking to set aside the conveyance of certain properties made by the judgment debtor to Mr. Albright. It is claimed that by so doing the judgment

debtor has elected his remedy, and ought not to be permitted to continue this proceeding in order to enable him to obtain evidence in aid of his creditors' action in Washington.   For these reasons Mr. Albright declined to appear before the referee and submit to a further examination, and thereupon a motion is now made by counsel for the judgment creditor for an order requiring such appearance and submission to an examination.

The authorities sustain the judgment creditor in this application. It is held that the remedies provided by supplementary proceedings and by judgment creditors' actions are concurrent, and that the judgment creditor may prosecute either or both until satisfaction of the judgment, and that the judgment creditor does not waive his right to examine in supplementary proceedings by bringing a creditors' action. In re Bacheller De Ponce De Leon, 69 N. Y. Supp. 242; In re Sickle, 52 Hun, 527, 5 N. Y. Supp. 703; Schloss v. Wallach, 16 Abb. N. C. 319.   Note Schloss v. Wallach, 38 Hun, 638; · Id., 102 N. Y. 683.   The right of the judgment creditor for a further examination of Mr. Albright appears plain.

Let an order be entered directing such an appearance and submission to an examination on a day to be mutually agreed upon, and if such a day cannot be agreed upon the court will fix the date in the order to be entered herein.

<hr>

(120 App. Div. 528)

### LEFFMANN v. LONG ISLAND R. CO.

(Supreme Court, Appellate Division, Second Department.   June 28, 1907.)

1. EMINENT DOMAIN—STREET RAILROADS—CHANGE TO ELEVATED ROAD.
   If a street railroad has as against an abutting landowner a prescriptive right only, it cannot change from the surface to an elevated structure without compensating him for the added interference with his easement of light, air, and access.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Eminent Domain, §§ 304–308.]

2. STATUTES—TITLE—SUBJECT.
   The title of Laws 1855, p. 854, c. 475, reciting in detail its purpose to be the widening and extension of an avenue and the ratification of an agreement between a railroad company, a city, and another providing for the cession of railroad lands to the city in exchange for an exclusive right to occupy a strip in such avenue, was not violative of Const. 1846, art 3, § 16, as embracing more than one subject; the agreement being an essential part of the scheme of improvement.

3. EMINENT DOMAIN—STATUTES—CONSTRUCTION.
   Statutes authorizing the taking of land may not be extended by implication, and no greater right is acquired than is necessary to satisfy the purpose of the statute.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Eminent Domain, §§ 30, 141, 142.]

4. SAME.
   Though an abutting landowner was not bound by a tripartite agreement between a city, a street railroad company, and its lessor, whereby railroad lands were ceded to the city, and the company acquired an exclusive right to use a strip of land in an avenue to be improved, the owner was bound by proceedings taken pursuant to an act, providing that the