(139 App. Div. 582.)

FIRST NAT. BANK OF CITY OF NEW YORK v. GOW et al.

(Supreme Court, Appellate Division, First Department.   July 7, 1910.)

1. EXECUTION (§ 398*)—SUPPLEMENTARY PROCEEDINGS—EXAMINATION OF DEBT-OR—WITNESSES.

In the examination of a judgment debtor in supplementary proceedings in which a third party has been called as a witness to testify concerning a partnership transaction, the examination by the judgment creditor of the third party as a witness is not barred by a pending action in which the judgment debtor sued the witness to recover an interest in the partnership, since the creditor has no interest in that litigation.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1150–1152; Dec. Dig. § 398.*]

2. EXECUTION (§ 397*)—SUPPLEMENTARY PROCEEDINGS—WITNESSES—EXAMINA-TION.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1149; Dec. Dig. § 397.*]

3. EXECUTION (§ 396*)—SUPPLEMENTARY PROCEEDINGS—INSPECTION OF BOOKS —WITNESSES.

In the examination of the judgment debtor in supplementary proceed-ings, the judgment creditor has no authority to obtain an inspection of books and papers, but a witness may be compelled to produce books and papers and be required to examine them to refresh his recollection and to enable him to make full disclosure with respect to the subject of the ex-amination.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1148; Dec. Dig. § 396.*]

4. EXECUTION (§ 397*)—SUPPLEMENTARY PROCEEDINGS—EXAMINATION OF JUDG-MENT DEBTOR—LIMITATION.

. In the examination of judgment debtors in supplementary proceedings, and witnesses who may be called therein, there is no limitation that the practice should be similar to the examination of a party before trial, and hence limited to facts which it would be incumbent on the judgment cred-itor to establish in an action to recover the property or to set aside a transfer thereof.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1149; Dec. Dig. § 397.*]

5. CONSTITUTIONAL LAW (§ 70*)—ENCROACHMENT ON LEGISLATURE.

Courts are not concerned with the policy of the Legislature in author-izing certain things if it in fact has authorized them.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 131; Dec. Dig. § 70.*]

6. EXECUTION (§ 399*)—SUPPLEMENTARY PROCEEDINGS—EXAMINATION OF JUDG-MENT DEBTOR—WITNESSES—NATURE OF INTEREST.

That Code Civ. Proc., relating to supplementary proceedings, provides, in section 2447, that the court may not order the delivery of property to a receiver or to the sheriff when the right of the judgment debtor is sub-stantially disputed, and that section 2460 provides that a party or wit-ness on examination is not excused from answering a question on the ground that he or another person claims to be entitled to the property as against the judgment creditor, does not excuse a witness from answer-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing a question if he substantially disputes the right of the debtor to the property.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1153; Dec. Dig. § 399.*]

Appeal from Special Term, New York County.

Supplementary proceedings by the First National Bank of the City of New York against William Gow, judgment debtor, and Artemus Ward, witness. From an order modifying a subpœna duces tecum, and from an order denying a motion to vacate the subpœna in toto, both parties appeal. Order of modification reversed, and order denying motion to vacate affirmed.

See, also, 124 N. Y. Supp. 449.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

William Rand, Jr., for judgment creditor.
Eldon Bisbee, for witness Ward.

LAUGHLIN, J. On the 5th day of March, 1910, the First National Bank of the city of New York recovered a judgment against Gow for $114,659.66, on which execution was duly issued and returned unsatisfied, and on the 7th day of April thereafter an order for the examination of the judgment debtor in proceedings supplementary to execution was duly granted, appointing a referee to take the examination. On the examination of the judgment debtor, it developed that on the 24th day of October, 1907, the judgment debtor consented to a dissolution of the copartnership existing between him and the witness Ward, and at the same time transferred his interest in the firm and in its property to Ward for the purpose of avoiding a receivership, but on the understanding, resting in parol, that when his and the firm debts were paid from the income of the business he would be restored to his interest in the firm, which was an undivided one-half interest. A subpœna duces tecum was then duly issued to Ward to obtain evidence with respect to the firm profits for 10 years prior to the 24th day of October, 1907, and the indebtedness of the judgment debtor to the firm, and the assignments or contracts between the judgment debtor and Ward made between the 1st day of October, 1907, and the 1st day of January, 1908, "and all other deeds, evidences, and writings, which you have in your custody or power, concerning the premises." Ward moved to vacate the subpœna on the ground that an action commenced by the judgment debtor against him on the 23d day of October, 1909, to set aside the assignment and dissolution agreement, was still pending. The court modified the subpœna by striking out the provision requiring the production of evidence of the indebtedness of the judgment debtor to the firm, and by limiting the examination to the scope of an order for examination before trial in a suit by a judgement creditor to set aside a transfer of property. The pendency of the action by the judgment debtor against the witness cannot affect the rights of the judgment creditor, for it has in no manner adopted the action, or become a

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

party thereto. Its right to examine the witness is precisely the same as if that action had not been commenced. The right of a judgment creditor to examine to the fullest extent before a referee on proceedings supplementary to execution a witness concerning property claimed by the judgment creditor to belong to the judgment debtor, but claimed by the witness to be his own, has long since been authoritatively settled by the Court of Appeals. Lathrop v. Clapp, 40 N. Y. 328, 100 Am. Dec. 493. See, also, Marx v. Spaulding, 43 Hun, 365; Schloss v. Wallach, 38 Hun, 638, reversing 16 Abb. N. C. 319, in Seligman v. Wallach, 16 Abb. N. C. 317. An exhaustive examination is authorized to enable the judgment creditor to determine whether or not it is safe to levy on any property in the possession of the witness as property of the judgment debtor in disregard of an assignment or transfer thereof claimed to have been fraudulently made or otherwise to be invalid, or whether it is advisable to apply for the appointment of a receiver to maintain an action to recover the property or to set aside a transfer thereof. Authority to obtain an inspection of books and papers on such proceeding has not been conferred. Franklin v. Judson, 99 App. Div. 323, 91 N. Y. Supp. 100, but a witness may be compelled to produce books and papers and be required to examine them to refresh his recollection and to enable him to make a full disclosure with respect to the subject of the examination. Code of Civil Procedure, §§ 2444, 2460; Champlin v. Stoddart, 17 Wkly. Dig. 76; Lathrop v. Clapp, supra; Matter of Sickle, 52 Hun, 527, 5 N. Y. Supp. 703.

It is contended that the established practice with respect to the examination of a party before trial should be applied, and that the examination should therefore be limited to facts which it would be incumbent upon the judgment creditor or a receiver to establish in an action to recover the property, or to set aside a transfer thereof. Even if that be so, it is not probable that the examination will be carried beyond an inquiry with respect to facts that it would be incumbent upon the plaintiff in such an action to establish, namely, the actual transaction, the consideration for the transfer and its adequacy and whether or not the transfer was made in good faith, and a like inquiry with respect to the alleged affirmance of the transfer and dissolution agreement and reaffirmance thereof, and with respect to the general release claimed to have been made by the judgment debtor to Ward. Ward might rely on these documents and not take the stand as a witness, or not be within the jurisdiction of the court at the time of the trial, and in such circumstances even if an action were pending, the plaintiff would be entitled to an order for his examination before trial, not to ascertain the defense, but to obtain evidence to meet and overcome it. However, we do not understand that there is any such limitation on an examination on proceedings supplementary to execution, and we are not concerned with the policy of the Legislature in authorizing, if it has done so, a more extended examination in such case in behalf of a judgment creditor who is endeavoring to locate property of the judgment debtor applicable to the payment of the judgment, than in other cases.

The learned counsel for the witness attaches significance to the fact that section 2447 of the Code of Civil Procedure provides that the court may not order the delivery of property to a receiver or to the sheriff where the right of the judgment debtor thereto is substantially disputed, and to the fact that section 2460 of the Code of Civil Procedure provides that a party or a witness on such examination is not excused from answering a question on, among other grounds, the ground "that he or another person claims to be entitled as against the judgment creditor, or a receiver appointed or to be appointed in the special proceeding, to hold property, derived from or through the judgment debtor," and he contends that it was intended by the Legislature that a witness is to be excused from answering a question if he substantially disputes the right of the judgment debtor to the property, but not if he merely makes a claim which is without substantial foundation. I see no ground for this distinction, and I find no warrant for it in the authorities.

I am of opinion that the motion to vacate the subpœna was properly denied, but that the court erred in modifying the subpœna.

It follows, therefore, that the order, in so far as it denies the motion of the witness to vacate the subpœna, should be affirmed, without costs, and, in so far as it modifies the subpœna, it should be reversed, with $10 costs and disbursements to the judgment creditor, and motion denied, with $10 costs. All concur.