EMMA L. BROWN, Judgment Creditor, Respondent, v. CADMUS HOLDING CORPORATION, Judgment Debtor, Appellant. GEORGE A. HOLLIDAY, Appellant. — Appeal dismissed, with ten dollars costs and disbursements. A ruling upon an objection to a question propounded in the course of supplementary proceedings may not be made the subject of an appealable order. Such a ruling does not differ from a similar ruling on the receipt or rejection of evidence in the course of a trial of an action, which likewise may not be made the subject of a separate appeal. (Lundy v. City of New York, 233 App. Div. 763.) A witness who is improperly interrogated may have relief by refusing to answer and resisting proceedings in contempt where, if he is acting in good faith, he will be protected from unwarranted intrusion into his affairs. We have, however, examined into the merits in order that the effect of our ruling may not be misapprehended. The objections of the

judgment debtor and its witness were properly overruled. The propriety of the question would have been clearer if the situation had been developed in the reverse order to that followed; that is, the transactions involving the Cadmus Holding Corporation could be inquired into and the proceeds of each traced, and those corporations and individuals involved in turn interrogated to the end that it might be determined whether or not the Cadmus Holding Corporation had been stripped of its assets through the medium of paying alleged profits to corporations or individuals, or otherwise, at a time when it was in good faith obligated to meet its debt to the judgment creditor. In other words, the judgment creditor is entitled to inquire into every transaction of the Cadmus Holding Corporation in respect to the property originally taken in its name from May 1, 1929, down to the date when it defaulted in its obligations under the mortgage foreclosed, which resulted in the deficiency judgment. This entitles her to inquire into these transactions back to the time of the organization of the syndicate and the manner in which the syndicate operated, individually or through corporations, in connection with the property conveyed by the judgment creditor to the Cadmus Holding Corporation. Whether or not the examiner should start from the beginning of the syndicate and its operations, or should work back to that point, is a matter that rests in the sound discretion of the court passing upon the queries propounded. Young, Hagarty, Carswell, Scudder and Tompkins, JJ., concur.