## CAPITAL CO. v. FOX.

District Court, S. D. New York.
April 23, 1936.

Robert P. Levis, of New York City, for Loeb, Alsberg & Co. and others.

Cravath, deGersdorff, Swaine & Wood, of New York City (Samuel B. Stewart, Jr., of New York City, of counsel), for judgment creditor.

PATTERSON, District Judge.

The Capital Company recovered judgment in this court against William Fox

678

for $297,412.91. Execution was returned unsatisfied. The judgment creditor caused Fox to be served in proceedings supplementary to execution pursuant to the New York practice. Fox defied the process of the court, has been adjudged in contempt, and has since remained outside the jurisdiction. The attorneys for the judgment creditor then served subpœnas on some five stock brokerage concerns as "third parties," to be examined before a judge of the court concerning property of Fox. The five "third parties" then obtained orders to show cause why the subpœnas should not be vacated, and this is the matter now presented for decision.

The subpœnas under attack, after reciting the entry of judgment against Fox and that the attorneys for the judgment creditor have reason to believe that the third parties have property of the judgment debtor, command the third parties to appear before a judge of the court on a day fixed, to be examined under oath concerning property of the judgment debtor in their possession now or at any time since January, 1929, whether held in the judgment debtor's own name or in the name of some twenty other individuals or corporations, and also to produce at the examination all books and records in their possession containing information on such property.

The affidavits of the third parties in opposition to the subpœnas are all in the same tenor. It is stated that they have accounts with some of the persons named in the subpœnas, that they have no permission to disclose information, and that they should not be examined relative to transactions with persons other than the judgment creditor.

On the argument the judgment creditor submitted in support of the subpœnas an extensive affidavit by one of its attorneys. The affidavit covers certain facts giving reason to believe that Fox may have secreted assets in the names of relatives, employees, and corporations, and shows that the names in the subpœnas are those of relatives, employees, and corporations closely connected to him.

■ Prior to September 1, 1935, the initial procedure of a judgment creditor in third party proceedings supplemental to execution was to obtain an examining and enjoining order. But by section 779 of the New York Civil Practice Act, in effect September 1, 1935 (added by Laws 1935, c. 630), the judgment creditor is given the option of proceeding by subpœna served on the third party instead of by order of court. The purpose of this and other changes made in 1935 was to get rid of some of the technicalities that to common knowledge had all but broken down the efficacy of supplementary proceedings. See Cohen, Collection of Money Judgments in New York, Third Party Orders, 35 Columbia Law Review, page 1196. The second paragraph of the section reads: "2. The attorney for the judgment creditor may at any time within two years from the recovery of such judgment, issue a subpoena directed to a third party as described in the last paragraph, where such attorney has reason to believe that such third party has property of the judgment debtor exceeding ten dollars in value, or is indebted to him in a like sum, requiring the attendance of such third party for examination concerning such property, money or indebtedness, and requiring such party to produce books, papers and records material to such examination. The form of subpoena shall be substantially as in section seven hundred seventy-five provided."

The subpœnas that were served in this case answer every requirement of the statute. They constitute valid process of the court, and the third parties served are bound to respond to them.

■ It is argued that the subpœnas amount to an unlawful search and seizure and violate the Fourth Amendment. I cannot grasp the argument. The subpœnas require the third parties to come to court prepared to testify, and to bring papers with them. It is not claimed that the papers are so voluminous that bringing them to court would be a burden. This court daily issues orders and subpœnas for examination under section 21a of the Bankruptcy Act as amended (11 U.S.C.A. § 44 (a) that are as broad as the subpœnas now challenged, and the thought that they may violate the Fourth Amendment is a novelty. To be sure, the subpœnas are a fishing excursion, but a judgment creditor is entitled to fish for assets of the judgment debtor. Lathrop v. Clapp, 40 N.Y. 328, 100 Am.Dec. 493. Otherwise he will rarely obtain satisfaction of his judgment from a reluctant judgment debtor.

■ The point that the third parties put the greatest pressure on is that there is

no showing in the subpœnas that the 22 persons and corporations whose accounts with the third parties are to be pried into are connected with the judgment debtor. The subpœnas, it is observed, require the third parties to attend and testify only as to property of the judgment debtor, whether in his own name or in the name of the other persons or corporations. It may be 'hat the third parties themselves have information that accounts nominally held by one or more of the group of persons and corporations are in reality the accounts of the judgment debtor. It may be that such information may be elicited on examination. It would clearly be improper to vacate or to cut down the subpœnas prior to the examination. Moreover, the affidavit in behalf of the judgment creditor supporting the subpœnas shows that each one of the group of 22 is closely connected to the judgment debtor, and that there is fair reason to believe or suspect that the judgment debtor has carried on operations under cover of some of these names. Whether he actually has or not remains to be seen.

Still another objection is to the injunction notice contained in the subpœnas. The notice merely calls attention to section 781 of the Civil Practice Act, which reads that on service of subpœna on judgment debtor or third party "such judgment debtor or third person is hereby forbidden" to transfer or dispose of the property of the judgment debtor until further order of the court. It is not the judgment creditor who issues the injunction; the injunction is the law of New York.

The various arguments of the third parties are supported in large part by cases in the New York courts that construed the statutes on supplementary proceedings prior to the 1935 revision. Those statutes placed limitations that no longer exist on the right to examine third parties. The changes in the law must have been deliberate. Many think that they are wholesome. See Cohen, Collection of Money Judgments in New York, 35 Columbia Law Review, pages 1007, 1196. It is not the function of the courts to ingraft the limitations of the old law on the new law or to refuse fairly to carry out the rules now laid down by the Legislature.

The motions to vacate the subpœnas will be denied. The order to be entered will fix a time for the appearance of the witnesses.