Edward F. Crawford, J.
Defendant moved pursuant to CPLR 5240 for a protective order limiting or denying the use of subpoenae ad testificandum and duces tecum served upon bim by plaintiff pursuant to CPLR 5223 and 5224 (subd. [a]) which subpoenae sought to examine defendant upon oral questions and to examine defendant’s personal income tax returns, financial statements, and 'business records going 'back to 1963. The disclosure was allegedly sought for the purpose of discovering “ all matter relevant to the satisfaction ” of a judgment against defendant entered on July 27, 1972 in the amount of $8,177.99, no part of which has been paid. The underlying obligation which gave rise to the judgment was an agreement made by defendant in September, 1969 to pay plaintiff $16,750 in exchange for certain stock owned by plaintiff, payments to have been made to plaintiff in the amount of $250 per month for 33-months. Defendant did make the monthly payments as required until November, 1971.
Plaintiff contends that the disclosure sought is necessary to determine whether during the 11-year period of time defendant concealed any assets or transferred any assets in fraud of creditors. There is no showing that any such transfers have been made. Defendant contends that the examination is designed to produce unreasonable annoyance, expense, embarrassment and harassment.
*140 The court believes that disclosure should proceed and holds that such an examination is not limited to current or future assets but may be permitted to extend to a period of time reasonably related to the inception of the original obligation. Sections 274, 275 and 276 of the Debtor and Creditor Law define fraudulent transfers and subdivision 1 of section 278 thereof permits a creditor to set aside such conveyance or to levy directly upon any property so conveyed. Thus, in the opinion of the court, questions by a judgment creditor as to whether any such transfers have been made are questions as to “ matter relevant to the satisfaction of the judgment ” within the meaning and intent of CPLR 5223. (Lathrop v. Clapp, 40 N. Y. 328; London Prods. v. Bronston Prods., 22 A D 2d 870; Brown v. Cadmus Holding Corp., 238 App. Div. 867; 6 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5223.05; 9 Carmody-Wait 2d, N. Y. Practice, § 64:308.)
Absent of further showing, however, the court does not find the affairs of the defendant prior to the year of the transaction underlying the within action relevant to the scope of the inquiry and will grant defendant’s application insofar as it relates to periods of time prior to 1969 and limit the inquiry as to those matters set forth in plaintiff’s subpoenae which relate to the year of 1969 and thereafter. Further, the court holds that a referee may and shall he appointed to supervise disclosure.