■     VIVIAN GOREA, Appellant, v NORMAN M. PINSKY, Respondent.— Order unanimously affirmed, with costs. Memorandum: Appellant sought discovery by way of a subpoena pursuant to CPLR 5223 which demanded production of all books, papers and records of financial transactions of

respondent commencing in 1963. Special Term, upon motion by respondent, limited the production of these records to a period commencing in 1969 which is six years prior to the date of the protective order. This was just short of a year prior to the transaction between appellant and respondent which gave rise to the debt sued upon. Discovery may properly be limited to those financial transactions of the judgment debtor which are relevant with respect to the transaction. Broad discretionary power is vested in Special Term to limit, regulate, extend or modify the use of any enforcement procedure (CPLR 5240). Further, the court may upon its own initiative appoint a referee to supervise the disclosure procedure and make an appropriate order for the payment of the reasonable expenses of the referee which may properly be taxed, where appropriate, as disbursements (CPLR 3104, subd [e]; CPLR 8301, subd [a], par 1). Special Term properly exercised its discretion in this case. (Appeal from part of order of Onondaga Special Term in action on stock purchase agreement.) Present—Marsh, P. J., Cardamone, Mahoney, Del Vecchio and Witmer, JJ. [80 Misc 2d 139.]