■ FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN, et al., Appellants, v FACULTATIVE GROUP, INC., et al., Respondents. — In a proceeding pursuant to CPLR article 52 to enforce a money judgment, petitioners appeal from so much of an order of the Supreme Court, Nassau County, entered August 27, 1980, as (1) denied their motion to appoint a referee to supervise the proceeding and (2) granted respondents' cross motion for a protective order to the extent of limiting the documents that respondent Krouner must produce to those relevant to transactions from April, 1977. Order modified by deleting from the sixth decretal paragraph thereof the words "April, 1977" and substituting therefor the words "January, 1975". As so modified, order affirmed insofar as appealed from, with $50 costs and disbursements payable to the appellants. Special Term incorrectly fixed April, 1977 as the relevant date for cutting off the inquiry of the appellant judgment creditors on the ground that it was then that the respondent judgment debtors "were likely to have anticipated a potential claim against them by petitioners". The only event triggering such anticipation at that

time was the parties' unsuccessful negotiation of the judgment debtors' failure to satisfy a December, 1976 written accord respecting the judgment debtors' alleged nonpayment of insurance premiums to the judgment creditors in breach of their general agency agreement dating back to 1971. This breach led to an arbitration award and a confirming judgment in the appellants' favor; however, since there never was any accord and satisfaction, appellants' initial claim against respondents, made in August, 1976 by notice of cancellation of their agency agreement, was never discharged (see General Obligations Law, § 15-501, subd 3). Therefore, to the extent that any significance should be attached to claims of breach in a business relationship, the relevant date should have been August, 1976 and not April, 1977. Appellants' position is that document production should be permitted beyond August, 1976 to January, 1975. They point out that it was not until 1975 that respondent corporations, controlled by respondent Krouner, began collecting substantial premiums on the appellants' behalf, and therefore an inference can be drawn that as of 1975 there existed, in retrospect, sufficient temptation to support the accusation of fraudulent transfers. We agree that the inquiry, with document production, should extend at least as far back as the start of 1975, although there is authority for permitting disclosure for the period coextensive with the parties' business relationship, which in this case would be 1971 (see *Brown v Cadmus Holding Corp.*, 238 App Div 867; see, also, *Gorea v Pinsky,* 80 Misc 2d 139, affd 50 AD2d 713). The claim raised by appellants is sufficiently tenable that a full inquiry "should at least be prosecuted so far as to decide whether the claim was a substantial one" *(Matter of Feuer [Schaller],* 194 App Div 921; see *Matter of First Nat. Bank v Gow,* 139 App Div 582, 584-585; *Sanford v Carr,* 2 Abb Pr 462, 464-465). With respect to the denial of appellants' motion for appointment of a referee to supervise the postjudgment proceedings, we are not persuaded that Special Term abused the discretion vested in it by CPLR 5240 (incorporating by reference CPLR 3104) (see *Schwartz v Marien,* 65 Misc 2d 811, affd 36 AD2d 1027). We modify the order accordingly. Mangano, J.P., Gibbons, Gulotta and O'Connor, JJ., concur.