CONCETTA T. REYNDERS, Respondent, v. NORBERT F. REYNDERS, Appellant.—Order unanimously reversed on the law without costs and petition granted. Memorandum: Supreme Court erred in refusing to vacate an income execution issued by the creditor's attorney and served by mail simultaneously upon the debtor and his employer. The levy upon employment income was initiated without the prior notice required by subdivisions (d) and (f) of CPLR 5241 *(see, Cramer v Cramer,* 140 AD2d 990). Moreover, the underlying support order, a 1961 Alabama divorce decree incorporating without merger the spousal support provisions of a separation agreement, had not been registered and thus did not qualify as a basis for the income execution (CPLR 5241 [a] [1]; *see also,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, 1989 Pocket Part, CPLR 5241, at 117; Brandes, *Family Law, 1985 Survey of New York Law,* 37 Syracuse L Rev 505, 515; Lefcourt and Reichler, *A Review of New York State's Support Enforcement Act of 1985,* NYLJ, Sept. 30, 1985, at 1, col 3). Additionally, it is noted that the income execution does not contain the caption of that divorce decree *(see,* CPLR 5241 [c]).

We reject the creditor's claim that this proceeding was not commenced in a timely fashion. Although the debtor failed to seek relief within the statutory 15-day period for asserting a "mistake of fact" (CPLR 5241 [e]), a court may, at any time, grant relief from the use of any enforcement procedure (CPLR 5240). We recognize that CPLR 5240 should be applied with caution and in a manner that does not defeat the purposes of CPLR 5241 *(see,* Siegel, Practice Commentaries, *op. cit.,* at 119) but are persuaded that, under the circumstances of this case, use of CPLR 5240 is justified in order to correct the substan-

tial departures from statutory mandates and to preserve the due process rights of the judgment debtor *(see, Cramer v Cramer,* 140 AD2d 990, *supra).* (Appeal from order of Supreme Court, Erie County, Ostrowski, J.—vacate income execution.) Present—Denman, J. P., Boomer, Balio, Lawton and Davis, JJ.