■ LEONARD S. FIORE, SR., et al., Respondents, v OAKWOOD PLAZA SHOPPING CENTER, INC., et al., Appellants.—Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about November 19, 1990, which denied a motion by non-party movant Frank & Aronow, P.C., pursuant to CPLR 5240 to vacate a subpoena duces tecum and restraining notices served on the movant and on Bank Leumi Trust Company in connection with enforcement pursuant to CPLR Article 52 of a judgment of the same court entered against defendants herein on September 8, 1989, unanimously affirmed, with one bill of $250 costs and disbursements of this appeal and Fiore v Oakwood Plaza Shopping Center (178 AD2d 312 [decided herewith]) payable to plaintiffs.

Plaintiffs herein have commenced supplementary proceedings against the movant on the ground that it holds assets of defendant Joseph M. Aronow, a judgment debtor pursuant to a judgment affirmed by this Court (164 AD2d 737, *stay denied* 78 NY2d 952).

A protective order pursuant to CPLR 5240 is a matter of the IAS court's broad discretion *(Guardian Loan Co. v Early,* 47 NY2d 515, 519), and should be issued with caution *(Reynders v Reynders,* 155 AD2d 987). Here, the restraining notice on the movant law firm is based on assets in which one of the judgment defendants, a shareholder of the professional corporation, has a direct interest *(see, Ray v Jama Prods.,* 74 AD2d 845, *lv denied* 49 NY2d 709). The judicial subpoenas are not overly broad *(cf., Andrew F. Capoccia, P. C. v Spiro,* 88 AD2d 1100), nor are they intended primarily as harassment. *(Cf., Seyfarth v Bi-County Elec. Corp.,* 73 Misc 2d 363.)

Accordingly, there was no abuse of discretion in the IAS court's denial of the protective order *(see, Foremost Ins. Co. v Facultative Group,* 80 AD2d 598). Concur—Sullivan, J. P., Wallach, Kupferman, Asch and Kassal, JJ.