◼ EUDALEE E. LEWIS, Respondent, v DERRICK R. LEWIS, Appellant. [599 NYS2d 606] —In a matrimonial action in which the parties were divorced by judgment dated August 18, 1989, the defendant former husband appeals from (1) so much of an order of the Supreme Court, Kings County (Rigler, J.), entered

December 5, 1990, as refused to modify the monetary credits awarded to the plaintiff former wife in the judgment of divorce, extended the time in which the plaintiff was required to notify the defendant of her election to purchase his interest in the former marital residence, authorized the Sheriff to sign deeds on his behalf in the event of the defendant's refusal to acquiesce in the transfer of title of the former marital residence to the plaintiff, and denied without prejudice the plaintiff's application for a money judgment against the defendant for mortgage payments made by the plaintiff since entry of the judgment of divorce, and (2) a judgment of the same court, dated June 3, 1991, which, upon an order of the same court dated May 2, 1991, which, *inter alia,* (a) granted the plaintiff's motion for an award of $8,569.50, for mortgage payments made by her since entry of the judgment of divorce, and (b) directed the defendant to comply with the provision of the judgment of divorce directing him to pay to the plaintiff's counsel a fee of $1,500, and an additional fee of $500, is in favor of the plaintiff in the principal sum of $8,569.50 and is in favor of the plaintiff's counsel in the sums of $1,500 and $500, respectively. The defendant's notice of appeal from an order dated May 2, 1991, is deemed a premature notice of appeal from the judgment *(see,* CPLR 5520 [c]).

Ordered that the order entered December 5, 1990, and the judgment dated June 3, 1991, are affirmed, with one bill of costs.

The judgment of divorce directed, *inter alia,* that the proceeds of the former marital residence be divided two-thirds to the plaintiff former wife and one-third to the defendant former husband. To accomplish the division, the judgment provided that the marital residence be sold, unless within 60 days of service of the judgment upon her, the plaintiff notified the defendant, in writing, that she elected to purchase his one-third share. The judgment further provided that the defendant would be liable for the mortgage payments on the marital residence until transfer of title.

Neither of the parties fulfilled the obligations set forth in the judgment of divorce. The plaintiff did not exercise her option to purchase within the specified time frame, and the defendant failed to make the court-ordered mortgage payments. However, the plaintiff did pay the monthly mortgage installments in place of the defaulting defendant. Approximately one year after the judgment of divorce was signed, the

plaintiff moved for the appointment of a receiver to transfer title of the marital residence to her. By this time, the mortgage payments made by the plaintiff on behalf of the defendant, added to the plaintiff's other credits toward the purchase price of his one-third interest, had reduced the defendant's equity in the marital residence to nothing.

In the order dated December 5, 1990, the court extended the plaintiff's option to purchase the marital residence to 10 days from service upon her of the order. The court also directed the Sheriff to execute the deed to transfer title, in the event that the defendant refused to do so. This time the plaintiff exercised her option within the specified time interval. Upon the defendant's refusal to sign over the marital residence, the Sheriff signed the deed and title to the marital premises was transferred to the plaintiff.

The defendant claims that the court erred when it modified the judgment of divorce to allow the plaintiff an extension of time to exercise her option to purchase the marital residence. We disagree. The court directed the extension so that a principal purpose underlying the judgment, *i.e.*, the transfer of the marital residence to the plaintiff, could still be achieved, despite both parties' prior conduct. Thus, any "modification" of the judgment was not of a substantive nature and did not alter the parties' rights thereunder *(cf., Herpe v Herpe,* 225 NY 323, 327; *Pignatelli v Pignatelli,* 139 AD2d 448; *Reinfurt v Reinfurt,* 67 AD2d 968). In addition, by the time of the transfer, the defendant, by his own actions in defaulting on the mortgage payments, had extinguished his rights in the marital residence.

The defendant also claims that the judgment dated June 3, 1991, in favor of the plaintiff in the principal sum of $8,569.50 was improper. Again, we disagree. As previously noted, the judgment of divorce provided that the defendant was solely responsible for the mortgage payments on the marital residence until the transfer of title. Consequently, by assessing the defendant for his own financial obligations, which were undertaken by the plaintiff upon his default, the court was enforcing the provisions of the judgment of divorce. The defendant did not take any steps to inform the court that he was experiencing difficulties in meeting his financial obligations arising out of the mortgage, either prior or subsequent to the accrual of arrears *(see,* Domestic Relations Law § 244). He merely refused to make any payments.

The record is insufficent for us to review the defendant's contentions with respect to the Saratoga Avenue property.

We have considered the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Sullivan, Lawrence and Eiber, JJ., concur.