■ MICHAEL BERECK, Appellant, v EDWARD MEYER et al., Respondents. [635 NYS2d 15] —Order, Supreme Court, New York County (Herman Cahn, J.), entered February 17, 1995, which, upon a CPLR 3211 (c) conversion of defendants' motion to dismiss this action for a partnership accounting as barred by

the Statute of Frauds, granted defendants summary judgment dismissing the complaint, unanimously modified, on the law and the facts, to the extent of granting plaintiff leave to amend his complaint so as to plead a cause of action for breach of contract, and otherwise affirmed, without costs.

Summary judgment was properly granted in the absence of evidence that plaintiff, who seeks to establish a partnership interest in an enterprise that was in form a corporation, contributed to the capital of this alleged partnership, was to share in its losses, or exercised joint control over its day-to-day operations (see, Greenberg v Ladicorbic, 200 AD2d 465, lv denied 83 NY2d 757; Blaustein v Lazar Borck & Mensch, 161 AD2d 507, 508). However, issues of fact were raised as to whether there was an agreement to compensate plaintiff, through a percentage of the profits or otherwise, for his efforts in establishing the enterprise. Accordingly, we grant plaintiff leave to amend his complaint to state a cause of action for breach of contract (see, Ramirez v Goldberg, 82 AD2d 850). Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Asch, JJ.