■ NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Respondent, v ERNO BODEK et al., Appellants. [705 NYS2d 42] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered on or about July 22, 1999, which, after nonjury trial, *inter alia*, declared that defendant Victoria Sales Corp. (VSC) is a partnership in which defendant Erno Bodek holds a 40% interest, unanimously affirmed, without costs.

The trial court properly disregarded VSC's corporate veil upon a showing that Mr. Bodek exerted a dominating influence over that corporation and used it as an instrument for protecting his assets from plaintiff, his judgment creditor (*see, TNS Holdings v MKI Sec. Corp.*, 92 NY2d 335, 339). VSC disregarded all corporate formalities. After Mr. Bodek claims to have divested himself of any interest in or control over VSC in 1985, he instructed accountants, negotiated business deals and credit extensions, and executed promissory notes, which he personally guaranteed, on its behalf. While Mr. Bodek's wife, also a defendant, testified that she took over management of VSC when Mr. Bodek withdrew in 1985 for health reasons, she also admitted that he directed her to have VSC pay for many of his personal expenses, and it appears that VSC paid Mr. Bodek's credit card bills, insurance premiums and a personal promissory note, as well as many personal expenses of Mrs. Bodek. VSC's corporate tax return for 1985-1986, at or around the time Mr. Bodek gave his note to plaintiff, shows that he was VSC's sole owner and the sole recipient of virtually all its distributions. This is consistent with the 1985 purchaser questionnaire Mr. Bodek submitted with respect to the invest-

ment that plaintiff bonded, and that led to the judgments that plaintiff is seeking to enforce, indicating that Mr. Bodek held more than a $1,000,000 equity interest in VSC and earned $750,000 a year. Thereafter, Mr. Bodek claimed no interest in VSC, the bulk of VSC's distributions were shifted to Mrs. Bodek, and Mr. Bodek assertedly now has very little in the way of assets and income. Given these facts, the trial court properly exercised its discretion in fashioning a remedy that deemed VSC to be a partnership between Mr. Bodek, his wife and children in which Mr. Bodek has a 40% interest (cf., Bereck v Meyer, 222 AD2d 243). The record shows that in recent years, VSC's distributions, excluding its payments for Mr. and Mrs. Bodek's personal expenses, were made approximately 80% to Mrs. Bodek and 20% to the children. The trial court, properly deeming Mr. and Mrs. Bodek's interests in VSC to be equal, equitably determined that he was entitled to one half of her 80% interest. We have considered defendants' other arguments and find them unpersuasive. Concur—Rosenberger, J. P., Ellerin, Rubin and Friedman, JJ.