■ RONALD WRIGHT, Plaintiff, v RITE AID OF NY, INC., Defendant and Third-Party Plaintiff-Appellant. 8246 GROUP, INC., et al., Third-Party Defendants-Respondents. (Appeal No. 1.) [732 NYS2d 920] —Appeal unanimously dismissed without costs (*see, Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985). (Appeal from Order of Supreme Court, Erie County, Michalek, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Hurlbutt, Burns and Gorski, JJ.

■ RONALD WRIGHT, Plaintiff, v RITE AID OF NY, INC., Defendant and Third-Party Plaintiff-Appellant. 8246 GROUP, INC., et al, Third-Party Defendants-Respondents. (Appeal No. 2.) [732 NYS2d 498] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Plaintiff slipped and fell on a patch of

ice on the sidewalk outside a store leased to defendant-third-party plaintiff, Rite Aid of NY, Inc. (Rite Aid). The property was owned by third-party defendant Benderson 85-1 Trust and leased by third-party defendant 8246 Group, Inc. (collectively Benderson) to Rite Aid. Plaintiff commenced a personal injury action against Rite Aid and Benderson. The motion of Rite Aid seeking summary judgment dismissing the complaint and cross claims against it was granted. While that order was on appeal, the motion of Benderson seeking summary judgment dismissing the complaint was also granted. Insofar as appealed from, we reversed the order granting Rite Aid's motion (*Wright v Rite-Aid of NY*, 249 AD2d 931). No appeal was taken from the order granting Benderson's motion.

Thereafter, Supreme Court granted Rite Aid's motion to compel discovery from Benderson, finding that, "[w]hen the Appellate Division reinstated plaintiff's action against Defendant Rite-Aid, the cross-claim [*sic*] and Rite-Aid answers were [revived] as well, and the former co-defendants [Benderson] were rendered third-party defendants since they had previously been successful against * * * plaintiff." When Benderson failed to comply with discovery requests relating to the maintenance of the subject property, Rite Aid moved to compel that discovery or, in the alternative, for preclusion. Benderson cross-moved for, *inter alia*, an order declaring that it was not a party to the action or, in the alternative, for an order granting Benderson summary judgment dismissing the third-party action.

The court granted Benderson's cross motion insofar as it sought summary judgment dismissing the third-party action, and the court denied Rite Aid's motion to "compel and preclude disclosure" as moot. The court thereafter granted Rite Aid's motion for reargument of the motion and cross motion and, upon reargument, adhered to its original decision.

The court erred in granting Benderson's cross motion based on the doctrine of law of the case. That doctrine applies to issues "essential" to the prior determination (*Papa Gino's v Plaza at Latham Assocs.*, 144 AD2d 172; *see, Gould v International Paper Co.*, 223 AD2d 964, 965-966, *lv denied* 88 NY2d 808; *Camperlino & Fatti Bldrs. v Dimovich Constr. Corp.*, 175 AD2d 595, 596, *lv dismissed* 79 NY2d 851) and contemplates that parties had a " 'full and fair' " opportunity to litigate those issues (*People v Evans*, 94 NY2d 499, 502, *rearg denied* 96 NY2d 755). Here, the doctrine of law of the case does not apply because Rite Aid had no opportunity to litigate the issue of Benderson's negligence. Thus, Rite Aid's contractual and

common-law indemnification claims and the contribution claim asserted against Benderson must be reinstated.

Although Benderson's contention that the antisubrogation rule bars the third-party action was raised before Supreme Court, the record on appeal is insufficient to permit meaningful review of that contention (*see generally, Lewis v Lewis*, 194 AD2d 648, 650; *Usyk v Track Side Blazers*, 182 AD2d 1125). In any event, even if Benderson were named as an additional insured on Rite Aid's policy, the antisubrogation rule would not necessarily apply (*see, Fitch v Turner Constr. Co.*, 241 AD2d 166, 171; *National Union Fire Ins. Co. v State Ins. Fund*, 222 AD2d 369, 371).

Although the court had previously decided that Rite Aid was entitled to discovery from Benderson, it ultimately denied as moot Rite Aid's motion "to compel and preclude disclosure." Because the third-party action against Benderson is being reinstated, discovery is not moot and Rite Aid's motion for discovery must be determined by Supreme Court on the merits. We modify the order by denying Benderson's cross motion, reinstating the third-party action, and vacating the denial of Rite Aid's discovery motion and remit the matter to Supreme Court to decide the discovery motion on the merits. (Appeal from Order of Supreme Court, Erie County, Michalek, J.—Reargument.) Present—Pine, J. P., Hayes, Hurlbutt, Burns and Gorski, JJ.