# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1187

CA 12-00677

PRESENT: SMITH, J.P., FAHEY, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF COLONIAL SURETY COMPANY,
PETITIONER-APPELLANT-RESPONDENT,

V                                    MEMORANDUM AND ORDER

NEAVERTH ENTERPRISES, LLC, ARENA DEVELOPMENT,
LLC, ROBERT J. GOODYEAR, RESPONDENTS-RESPONDENTS,
ANITA M. HANSEN AND GARY ALBANESE,
RESPONDENTS-RESPONDENTS-APPELLANTS.

---

UNDERBERG & KESSLER LLP, BUFFALO (EDWARD P. YANKELUNAS OF COUNSEL),
FOR PETITIONER-APPELLANT-RESPONDENT.

LIPPES MATHIAS WEXLER FRIEDMAN LLP, BUFFALO (THOMAS GAFFNEY OF
COUNSEL), FOR RESPONDENTS-RESPONDENTS-APPELLANTS.

JOHN K. JORDAN, BUFFALO, FOR RESPONDENTS-RESPONDENTS.

---

Appeal and cross appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered February 28, 2012. The order determined that an evidentiary hearing is required in the proceeding.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner, Colonial Surety Company (Colonial), commenced a CPLR article 52 proceeding against Lakeview Advisors, LLC (Lakeview), Resolution Management, LLC (Resolution), and National Credit Adjusters, LLC, seeking to enforce a judgment that it obtained against nonparty Paul W. O'Brien (proceeding No. 1). Colonial sought to enforce the judgment by obtaining an order directing Resolution to give Colonial certain payments that it purportedly owed to Lakeview, which Colonial contended was O'Brien's alter ego. While proceeding No. 1 was pending, Supreme Court directed Resolution to deposit the disputed payments into an escrow account. Lakeview and Resolution alleged that Lakeview was not itself entitled to those payments but, rather, Lakeview was a conduit for funds that certain third parties, known in these proceedings as the note holders, had loaned indirectly to Resolution through Lakeview. Resolution further alleged that it renegotiated the loans so that it owed the money directly to the note holders and thereby eliminated its debt to Lakeview. In reliance upon that purported renegotiation, Resolution did not deposit funds into escrow and instead sent payments directly to the note holders. Upon Colonial's application to have Resolution held in contempt, the court

found Resolution in contempt for failing to deposit the funds as directed.  Prior to imposing the penalty for that finding of contempt, however, the court issued an order and judgment in which it concluded that the prejudice to the note holders from depriving them of their funds outweighed Colonial's right to enforce its judgment against those funds, and the court dismissed the petition in proceeding No. 1. On a prior appeal, this Court reversed that order and judgment, reinstated the petition, and directed the court upon remittal to determine, after a new hearing on the petition, "the rights of any claimant to the funds held in escrow upon the intervention of such party" (*Colonial Sur. Co. v Lakeview Advisors, LLC*, 93 AD3d 1253, 1257).

Colonial then commenced another proceeding against the note holders (proceeding No. 2), seeking an order directing them to pay into escrow the funds that Resolution allegedly paid them in violation of the prior escrow order.  Both Colonial and the note holders sought summary disposition of proceeding No. 2, but the court denied those requests and ordered an evidentiary hearing on the factual issues regarding the competing claims to the funds, to be held in conjunction with the hearing that this Court directed in proceeding No. 1. Colonial appeals and respondent note holders Anita M. Hansen and Gary Albanese cross-appeal from the order insofar as it denied their respective requests for summary disposition of the petition.

We reject the contention of Colonial that it was entitled to summary disposition of proceeding No. 2 in its favor.  Colonial contends that it is entitled to claw back the payments made to the note holders because those payments were made in violation of the court's prior escrow order and were therefore void ab initio, requiring the note holders to disgorge them.  Upon the record before us, we reject that contention.  Although there is evidence in the record that Resolution made the payments in violation of the court's escrow order, there is also evidence in the record that the note holders had not received notice of that order before the payments were made to them, and that they had a good-faith claim to the funds they received.  As Colonial correctly contends, transfers made in violation of a court order are void insofar as property is transferred to an entity that has notice of the order, with no or inadequate consideration, and the court may direct that the recipients of such transfers convey the property pursuant to the escrow order (*see Skiff-Murray v Murray*, 17 AD3d 807, 808-809; *Catalano v Catalano*, 158 AD2d 570, 572, *order amended* 176 AD2d 278).  Contrary to Colonial's contention, however, the transfers were voidable in this instance, rather than void.  " 'A thing is void which is done against law, at the very time of doing it, and where no person is bound by the act; but a thing is voidable which is done by a person who ought not to have done it, but who, nevertheless, cannot avoid it himself, after it is done' " (*Blinn v Schwarz*, 177 NY 252, 259).  A transfer will be void where the transferor has no title to the property, and thus cannot transfer any interest in it (*see Yin Wu v Wu*, 288 AD2d 104, 105; *Kraker v Roll*, 100 AD2d 424, 430-431).

Here, the record reflects that Resolution had title to the funds

that it transferred, but Colonial alleges that it transferred the property in violation of the escrow order in proceeding No. 1. Consequently, the transactions are voidable, and Colonial is not entitled to claw back the payments that were made until there has been a determination of the factual issues, including the parties' conflicting claims to the funds, the extent of any consideration that the note holders provided for the loans, and the extent of the prejudice to any party that would arise from the loss of the funds. We therefore agree with the note holders that the court did not err in refusing to direct them to disgorge the payments made to them by Resolution, absent such findings.  Contrary to the contentions of Albanese and Hansen on their cross appeal, however, those same factual issues bar summary disposition of the petition in their favor inasmuch as the transfers are voidable.

We have considered the remaining contentions of the parties, including whether the court was required to use its inherent power to order the note holders to place the funds into the escrow account immediately, and conclude that they are without merit, or are moot in light of our determination.

Entered:  December 28, 2012                          Frances E. Cafarell
                                                     Clerk of the Court