In a matrimonial action in which the parties were divorced by judgment dated January 7, 2011, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (McNulty, J.), dated June 25, 2012, as (1) denied those branches of her motion which were for (a) a money judgment against the defendant in the sum of $232,500, an amount representing one half of the sale price of the parties’ business and property, and (b) an accompanying order of sequestration, (2) denied that branch of her motion which was for a money judgment against the defendant in the sum of $218,500, representing the difference between the original list price of the parties’ business property and the actual amount realized from its sale, and (3) granted the defendant’s motion to vacate an income execution enforcing a prior money judgment for maintenance arrears.
*738 Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.
Pursuant to the parties’ judgment of divorce, the parties’ business, CRJ, Inc., and the real property on which the business was located, were to be sold. The proceeds of the sale were to be divided equally between the parties, so long as the business and the property were sold together and the business sold for at least $212,000. The business and the property were sold together for a total price of $465,000. The purchaser made a down payment and entered into a purchase money mortgage for the remaining balance. The monthly mortgage payments made pursuant to the purchase money mortgage are divided equally between the parties.
Contrary to the plaintiffs contention, she was not entitled to a lump sum payment in the sum of $232,500, an amount representing one half of the sale price of the business and property, and an accompanying order of sequestration. The business and property were sold pursuant to the terms of the judgment of divorce, and the plaintiff does not dispute that she has been receiving her one-half share of the proceeds to which she is entitled pursuant to that judgment in the form of monthly mortgage payments. There is nothing in the judgment of divorce requiring that the plaintiffs share of the proceeds be paid in a lump sum, or via sequestration of the defendant’s monthly portion of the payments, rather than via monthly mortgage payments. Furthermore, the plaintiff was not entitled to a money judgment in the sum of $218,500, an amount which represented the difference between the original list price of the property and the actual amount realized from its sale. The plaintiff failed to demonstrate that the defendant received more than he was entitled to under the judgment of divorce (cf. D’Anna v D’Anna, 17 AD3d 400, 401 [2005]), or that he did not fulfill the obligations set forth thereunder (cf. Wolfson v Public Adm’r of Nassau County, 282 AD2d 743 [2001]; Lewis v Lewis, 194 AD2d 648, 649 [1993]; Felton v Felton, 175 AD2d 794 [1991]; cf. also Miller v Miller, 160 AD2d 912, 913 [1990]).
Further, under the circumstances of this case, the Supreme Court properly granted the defendant’s motion to vacate an income execution enforcing a prior money judgment for maintenance arrears. The defendant demonstrated that protective relief was warranted pursuant to CPLR 5240 because the income execution sought to garnish certain money which did not constitute income as defined by CPLR 5241 (a) (see CPLR 5240, 5241 [a]; Guardian Loan Co. v Early, 47 NY2d 515, 519 [1979]; Yeshiva Tifferes Torah v Kesher Intl. Trading Corp., 246 *739 AD2d 538 [1998]; Reynders v Reynders, 155 AD2d 987 [1989]; cf. Dowlah v Dowlah, 89 AD3d 675, 676 [2011]). Angiolillo, J.P., Chambers, Sgroi and Cohen, JJ., concur.