■ ALEXANDER GLIKLAD, Respondent, v MICHAEL CHERNOI, Defendant. ARIK KISLIN, Nonparty Appellant. [28 NYS3d 613]—

Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered December 17, 2014, which, to the extent appealed from as limited by the briefs, denied nonparty Arik Kislin's motion for a protective order, unanimously affirmed, with costs. Appeal from order, same court (Anil C. Singh, J.), entered June 23, 2015, which effectively granted reargument of the motion for a protective order, and, upon reargument, adhered to the original determination, unanimously dismissed, without costs, as academic.

The motion court (Schweitzer, J.) providently exercised its discretion in denying Kislin's motion for a protective order limiting plaintiff's use of a restraining notice (*see Fiore v Oakwood Plaza Shopping Ctr.,* 178 AD2d 311, 312 [1st Dept 1991], *appeal dismissed* 80 NY2d 826 [1992]). The restraining notice states that Kislin is restrained from making "any sale, assignment or transfer of . . . all property in which the judgment debtor [defendant] has an interest." Although the notice would be ineffective if the judgment debtor defendant does not have any interest in property in Kislin's possession or custody (*see* CPLR 5222 [b]; *Gallant v Kanterman,* 198 AD2d 76, 78 [1st Dept 1993]), postjudgment discovery is incomplete and there is evidence of an extensive and entwined business relationship between Kislin, the judgment debtor, and a nonparty, Iskander Makhmudov, involving their interests in various entities, including the Hotel Gansevoort. Accordingly, there is no basis for a protective order at this time.

We have considered Kislin's remaining contentions and find them unavailing. Concur—Tom, J.P., Acosta, Richter, Manzanet-Daniels and Gesmer, JJ.