ED&F Man Sugar Inc. v ZZY Distribs., Inc. (2020 NY Slip Op 01580)





ED&F Man Sugar Inc. v ZZY Distribs., Inc.


2020 NY Slip Op 01580


Decided on March 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2020

Gische, J.P., Webber, Gesmer, Kern, JJ.


653963/12 11231A 11231

[*1] ED & F Man Sugar Inc., etc., Plaintiff-Respondent,
v
ZZY Distributors, Inc., etc., et al., Defendants-Appellants, Mariana Deutsch, Defendant.


Mark S. Friedlander, New York, for appellants.
Franzino & Scher LLC, New York (Frank J. Franzino, Jr. of counsel), for respondent.



Judgment, Supreme Court, New York County (Andrea Masley, J.), entered July 10, 2019, awarding plaintiff the principal amount of $790,792.45 against defendants ZZY Distributors, Inc., Zale Vishedsky, Zack Vishedsky and Yoseph Sternberg, unanimously modified, on the law, to vacate the judgment as against individual defendants Zale Vishedsky and Zack Vishedsky, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered on or about May 9, 2019, after a nonjury trial, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The trial court providently exercised its discretion in granting plaintiff's motion to amend the pleadings to conform to the proof by adding a claim for goods sold and delivered (see CPLR 3025[c]; Murray v City of New York, 43 NY2d 400, 405 [1977]). Contrary to defendants' contention, plaintiff established prima facie "the total quantity of the sugar actually delivered" (i.e., 1,415 metric tons) through defendant Zack Vishedsky's affidavit admitting that 1,415 metric tons of sugar had been delivered but claiming that the sugar had been "foisted" on defendant ZZY Distributors, Inc. (ZZY). Further, defendants were not prejudiced by the amendment (see Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411 [2014]). They had notice of the motion to amend from plaintiff's prior arguments and prior attempts to reclassify the breach of contract claim as a claim for goods sold and delivered (see E.D. & F. Man Sugar, Inc. v ZZY Distribs., Inc., 150 AD3d 452 [1st Dept 2017]).
Plaintiff established its claims for goods sold and delivered and breach of contract by a preponderance of the trial evidence. The sale and delivery of sugar is shown by plaintiff's Order Confirmations and ZZY's corresponding purchase orders, Zack Vishedsky's affidavit admitting delivery of 1,415 metric tons of sugar, and defendants' failure to produce the "receiving report" that admittedly contained the quantity of sugar ZZY received, from which the court properly drew an adverse inference (see Gogos v Modell's Sporting Goods, Inc., 87 AD3d 248, 255 [1st Dept 2011]). ZZY's acceptance of the sugar is shown by proof of its resale of the sugar received (see UCC 2-606[1][c]; Gem Source Intl. v Gem-Works N.S., L.L.C., 258 AD2d 373, 374 [1st Dept 1999], lv dismissed 93 NY2d 999 [1999]). ZZY's failure to pay the full amount due for the sugar is shown by its own QuickBooks accounting records reflecting an outstanding balance of $705,290.86. Given its credibility determinations as to defendants' testimony and submissions, which we see no reason to disturb, the court properly rejected that amount and accepted the figure submitted by plaintiff, i.e., $790,782.45, which is supported by documentary proof.
The foregoing proof of the parties' conduct also establishes the existence of a contract under UCC 2-207(3) (see e.g. Hornell Brewing Co. v Spry, 174 Misc 2d 451, 455-456 [Sup Ct, New York County 1997]), as well as a breach of the contract and damages.
The court properly pierced the corporate veil to hold defendant Yoseph Sternberg (Yoseph) personally liable for ZZY's debts. The trial evidence overwhelmingly demonstrates that Yoseph operated ZZY without any regard to corporate formalities, commingled and made personal use of ZZY's funds by shuttling them between ZZY and third parties, including other closely held corporations owned by him, and that these acts resulted in ZZY's undercapitalization, which rendered ZZY unable to pay its
outstanding debt to plaintiff (see Baby Phat Holdings Co., LLC v Kellwood Co., 123 AD3d 405, 407-408 [1st Dept 2014]; Shisgal v Brown, 21 AD3d 845, 849 [1st Dept 2005]; Austin Powder Co. v McCullough, 216 AD2d 825, 827 [3d Dept 1995]).
However, Zale Vishedsky and Zack Vishedsky may not be held liable individually because they were not owners, directors, or shareholders of ZZY (see Old Republic Natl. Tit. Ins. Co. v Moskowitz, 297 AD2d 724, 726 [2d Dept 2002]), and there is no evidence that either of them exerted any dominance over ZZY (see National Union Fire Ins. Co. of Pittsburgh, Pa. v Bodek, 270 AD2d 139 [1st Dept 2000], lv dismissed 95 NY2d 887 [2000]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 10, 2020
DEPUTY CLERK